# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUFFALO XEROGRAPHIX, INC., for itself and on behalf of a class of similarly situated policyholders, | |
| Plaintiff, | |
| —*against*— | |
| SENTINEL INSURANCE COMPANY, LTD.; THE HARTFORD INSURANCE GROUP a/k/a THE HARTFORD FINANCIAL SERVICES GROUP, INC.; HARTFORD FIRE INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; HARTFORD CASUALTY INSURANCE COMPANY; HARTFORD INSURANCE COMPANY OF ILLINOIS; HARTFORD INSURANCE COMPANY OF THE MIDWEST; HARTFORD UNDERWRITERS INSURANCE COMPANY; NEW ENGLAND INSURANCE COMPANY; NEW ENGLAND REINSURANCE CORPORATION; PACIFIC INSURANCE COMP ANY, LIMITED; PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD; TRUMBULL INSURANCE COMPANY; and TWIN CITY FIRE INSURANCE COMPANY, | 20 Civ. 520 (GWC) |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE NON-WRITING DEFENDANTS' MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

STANDARD FOR A MOTION TO DISMISS ............................................................... 4

DISCUSSION ................................................................................................................. 6

      I.       The Court Lacks Personal Jurisdiction Over the Non-Writing Defendants .......... 6

      II.     Buffalo Xerographix Lacks Standing to Bring
            Claims Against the Non-Writing Defendants ....................................................... 9

CONCLUSION .............................................................................................................. 12

## **TABLE OF AUTHORITIES**

### CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................... 5

*Beach v. Citigroup Alternative Investments LLC*,
   12 Civ. 7717, 2014 WL 904650 (S.D.N.Y. Mar. 17, 2014) ........................ 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................. 4, 5

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)......................................................................... 7

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016)......................................................................... 7

*Chaichian v. Hartford Fin. Servs. Grp., Inc.*,
   No. 1:16-CV-01026, 2016 WL 4480038 (W.D. Ark. Aug. 3, 2016),
   *report and recommendation adopted*, No. 16-CV-1026,
   2016 WL 4467910 (W.D. Ark. Aug. 23, 2016).............................................. 9

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)......................................................................... 5

*Chufen Chen v. Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020)......................................................................... 6

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014)................................................................................... 6

*Endemann v. Liberty Ins. Corp.*,
   390 F. Supp. 3d 362 (N.D.N.Y. 2019) ...................................................... 5, 8

*Engel v. Hartford Ins. Co. of the Midwest*,
   No. 2:11-CV-01103-RCJ, 2012 WL 275200 (D. Nev. Jan. 31, 2012) ........... 10

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
   148 F. Supp. 3d 285 (S.D.N.Y. 2015)......................................................... 11

*Hill v. Napoli*, No. 6:09-CV-6546,
   2014 WL 1322476 (W.D.N.Y. Mar. 31, 2014)............................................. 5

*Horowitz v. Stryker Corp.*,
   613 F. Supp. 2d 271 (E.D.N.Y. 2009) ........................................................ 10

*In re Dental Supplies Antitrust Litig*.,
    16 Civ. 696, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017)................................................. 8

*Keeton v. Hustler Magazine, Inc*.,
    465 U.S. 770 (1984) .......................................................................................................... 8

*LV Diagnostics, LLC v. Hartford Fin. Servs. Grp., Inc.*,
    No. 217CV 1371JCMPAL, 2018 WL 651327 (D. Nev. Jan. 31, 2018) ............................ 9

*NBL Flooring, Inc. v. Trumbull Ins. Co.*,
    No. CIV.A. 10-4398, 2014 WL 317880 (E.D. Pa. Jan. 28, 2014) ..................................... 9

*Nick's Garage, Inc. v. Progressive Casualty Ins*. Co.,
    875 F.3d 107 (2d Cir. 2017)............................................................................................. 10

*Palm Beach Strategic Income, LP v. Salzman*,
    457 F. App'x 40 (2d Cir. 2012) ........................................................................................ 9

*Rajamin v. Deutsche Bank Nat. Trust Co*.,
    757 F.3d 79 (2d Cir. 2014)................................................................................................ 9

*Ramos v. Patrician Equities Corp*.,
    765 F. Supp. 1196 (S.D.N.Y. 1991) ............................................................................... 11

*Simon v. Eastern Kentucky Welfare Rights Org.*,
    426 U.S. 26 (1976)........................................................................................................... 11

*Sunward Electronics, Inc. v. McDonald*,
    362 F.3d 17 (2d Cir. 2004)................................................................................................ 7

*Tsegaye v. Impol Aluminum Corp*.,
    12 Civ. 7717, 2003 WL 221743 (S.D.N.Y. Mar. 7, 2003) ............................................... 7

*Whitaker v. Am. Telecasting, Inc*.,
    261 F.3d 196 (2d Cir. 2001)............................................................................................. 5

## STATUTES

N.Y. CPLR 302 .................................................................................................................. 7

N.Y. Gen. Bus. L. § 349 ............................................................................................. passim

## RULES

Fed. R. Civ. P. 12 ......................................................................................................... 4, 5

Fed. R. Civ. P. 8 .............................................................................................................. 4

## TREATISES

Newberg on Class Actions § 6:25 (5th ed.) ..................................................................... 9

## INTRODUCTION

This is an insurance coverage dispute arising from the COVID-19 pandemic. By this motion, 13 of the 14 defendants (all except Sentinel Insurance Company Ltd. ("Sentinel")) seek to be dismissed for a simple reason: they did not issue the policy in dispute.

The plaintiff Buffalo Xerographix, Inc. ("Buffalo Xerographix") alleges that its insurer, Sentinel, wrongly refused to cover its losses when the COVID-19 pandemic forced it to suspend operations.  But, rather than simply suing Sentinel, Buffalo Xerographix has chosen to add 13 affiliated entities that did not issue its insurance policy (collectively, the "Non-Writing Defendants"). Buffalo Xerographix does not allege that it had any dealings with the Non-Writing Defendants, but brings its case as a putative class action and alleges that unnamed class members entered into insurance agreements with Non-Writing Defendants similar to its own.

The Court should dismiss the claims against the Non-Writing Defendants on two grounds.

First, the Court lacks jurisdiction over the Non-Writing Defendants. For purposes of general personal jurisdiction, the Non-Writing Defendants are not alleged to be incorporated in, or to have their principal place of business in, New York. Nor is there specific personal jurisdiction because the Non-Writing Defendants are not alleged to have any contractual relationship or other dealings with Buffalo Xerographix in New York that give rise to its claims. Buffalo Xerographix dealt with Sentinel alone.

The class allegations cannot rescue Buffalo Xerographix's jurisdictional problem because, under settled law, personal jurisdiction in a class action must be established with respect to the claims the named plaintiff brings against the named defendants. Jurisdiction cannot be based on the hypothetical claims of unnamed class members.

Second, for similar reasons, Buffalo Xerographix lacks standing. It brings a breach of contract claim, but of course cannot enforce any contracts involving the Non-Writing Defendants. Buffalo Xerographix does not allege it is a party to those contracts. For purposes of Buffalo Xerographix's only other claim, under N.Y. Gen. Bus. L. § 349, Buffalo Xerographix cannot show that the alleged wrongdoing of the Non-Writing Defendants (essentially, an alleged uniform practice of not covering COVID-19 business interruption claims) gives rise to its losses. If Buffalo Xerographix is due insurance coverage as alleged, the coverage would come from the counterparty to its insurance agreement, Sentinel—no one else. As with the jurisdictional point, Buffalo Xerographix's class allegations do not rescue its claims. Under settled law, a class plaintiff must have standing to sue each defendant.

The Court should therefore dismiss all claims against the Non-Writing Defendants.

## BACKGROUND

Buffalo Xerographix is a distributor of office equipment and supplies, and it purchased property insurance from Sentinel. (ECF 1 ("Compl.") ¶ 16; ECF 1-2, at 15-16.) Although Buffalo Xerographix alleges its policy was "issued" by defendants Sentinel **and/or** defendant The Hartford Financial Services Group, Inc. ("HFSG") (Compl. ¶ 16 (emphasis added)), the policy, attached to the Complaint, shows the insurer as Sentinel only. (ECF 1-2, at 15.)

According to the Complaint, in March 2020, the COVID-19 pandemic caused "civil authorities throughout New York to issue orders requiring the suspension of business," including Buffalo Xerographix's business. (Compl. ¶ 42.)

In response to the closure of its business, Buffalo Xerographix submitted an insurance claim, which, on April 22, 2020, Sentinel denied. (*Id.* ¶¶ 54; 70.) Sentinel quoted the coverage language stating that "We will pay for direct physical loss of or physical damage to Covered Property at the premises," and explained why this was not triggered:

- 2 -

> We have completed a review of your loss and have determined that
> since the coronavirus did not cause property damage at your place
> of business or in the immediate area, this loss is not covered.
>
> As we understand the facts, you are suffering from a loss of
> business income because you, or a business you depend on, have
> had to close or limit your business to help prevent the spread of
> COVID-19, the disease caused by the novel coronavirus.

(ECF 1-6, at 1, and Attachment (pg. 1).)

Although Buffalo Xerographix alleges that this denial was issued by HFSG "**and**"
Sentinel (Compl. ¶ 70 (emphasis added)), the denial letter states plainly that the "writing
company" is Sentinel only. (ECF 1-6, at 3.) No other company is named.

Buffalo Xerographix brings this lawsuit against 14 affiliated insurance companies,
Sentinel and the Non-Writing Defendants. (Compl. ¶¶ 10-12.) It seeks to represent a class of
plaintiffs who had the same policy and whose business operations were suspended because of the
COVID-19 pandemic. (*Id*. ¶ 79.)

Other than Sentinel (Buffalo Xerographix's insurer) and HFSG (which is mistakenly
referred to a few times as issuing or denying the insurance), Buffalo Xerographix does not allege
any contractual relationship, or business dealings, with the other 12 defendants.

Instead, Buffalo Xerographix alleges that each defendant issued to "[c]lass members'"
policies that are "substantially similar" to Buffalo Xerographix's policy, and that the defendants
made a uniform decision to deny COVID-19 business interruption claims "without regard to the
individual circumstances" of policyholders. (*Id*. ¶¶ 14, 57.)

Buffalo Xerographix brings two claims: (1) breach of contract, and (2) alleged violations
of New York's consumer fraud statute, Gen. Bus. L. § 349. (*Id*. ¶¶ 88-126.)

For the contract claim, Buffalo Xerographix alleges that the defendants breached their respective contracts with class members by the "failure and refusal to make payments" due "pursuant to the terms of the policies." (*Id.* ¶ 97.)

For the claim under Gen. Bus. L. § 349, Buffalo Xerographix alleges that the defendants made two groups of "inaccurate and misleading" statements that induced policyholders "to refrain from filing claims with Defendants" (*id.* ¶ 109):

- The defendants allegedly responded to a request from the Department of Financial Services (their insurance regulator in New York) about COVID-19 by stating in a letter : "Generally, the presence of a virus does not constitute direct physical loss or damage to property." (*Id.* ¶¶ 63, 107).

- The defendants allegedly instructed their agents and representatives to deny COVID-19 business interruption claims. (*Id.* ¶ 108)

Buffalo Xerographix also alleges it was "materially misleading" for the defendants to have taken the position that coverage should be denied "for all, or substantially all" COVID-19 business interruption claims. (*Id.* ¶ 118.)

Before bringing this motion, counsel for the Non-Writing Defendants asked counsel for Buffalo Xerographix to dismiss them from the case, on the ground that Sentinel alone issued the policy.  Buffalo Xerographix refused.

## STANDARD FOR A MOTION TO DISMISS

The Court may dismiss Buffalo Xerographix's claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, Buffalo Xerographix's Complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

The Court may also dismiss Buffalo Xerographix's claims where there is a "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). The "burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss" falls to the plaintiff. *Whitaker v. Am. Telecasting, Inc*., 261 F.3d 196, 208 (2d Cir. 2001). This requires the plaintiff to plead facts or introduce affidavits that jurisdiction is consistent with the long-arm statute of the forum state and with due process limitations. *Id*.

For purposes of a motion to dismiss, the Court may consider not only the complaint itself, but also "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint's allegations must generally be assumed to be true, but "[w]hen documents attached to the complaint as exhibits or incorporated by reference in the complaint contain statements that contradict the allegations in the complaint, the documents control and the Court need not accept the allegations as true." *Endemann v. Liberty Ins. Corp*., 390 F. Supp. 3d 362, 370 (N.D.N.Y. 2019); *see also*, *e.g*., *Hill v. Napoli*, No. 6:09-CV-6546, 2014 WL 1322476, at *8 (W.D.N.Y. Mar. 31, 2014) ("Because the documents incorporated into Plaintiff's Complaint contradict his allegations, the Court need not accept them as true.").

**DISCUSSION**

**I.    THE COURT LACKS PERSONAL JURISDICTION OVER THE NON-WRITING DEFENDANTS**

The Court should dismiss the claims against the Non-Writing Defendants because the Court lacks jurisdiction over them.

First, the Non-Writing Defendants are not subject to general personal jurisdiction in New York. The U.S. Constitution's Due Process Clause allows for general personal jurisdiction over a corporation only where the "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (alterations and quotations omitted). The "paradigm forum" under this standard is either the corporation's place of incorporation or its principal place of business. *Id*. at 760. Another jurisdiction will qualify only in the "exceptional" case. *Id*. at 761 n.19.

Buffalo Xerographix cannot satisfy that standard with respect to the Non-Writing Defendants because it alleges that they are incorporated in various states outside New York (Connecticut, Indiana, Illinois and Delaware) and does not allege that any of them have a principal place of business in New York. (Compl. ¶¶ 10, 12.) While Buffalo Xerographix alleges that the Non-Writing Defendants are "authorized to transact business" in New York (*id*.), this is insufficient. *Chufen Chen v. Dunkin' Brands, Inc*., 954 F.3d 492, 499 (2d Cir. 2020) (holding "that a foreign corporation does not consent to general personal jurisdiction in New York by merely registering to do business in the state").

Second, the Non-Writing Defendants are not subject to specific personal jurisdiction in New York based on the claims advanced in this action. New York's long-arm statute authorizes specific personal jurisdiction over defendants who "transacts any business within the state." N.Y. CPLR 302(a)(1). Not all "transactions" qualify; rather, the plaintiff must show that each "claim arises from [the] business transactions" alleged. *Sunward Electronics, Inc. v. McDonald*, 362

- 6 -

F.3d 17, 22 (2d Cir. 2004). This standard "overlaps significantly with the constitutional

'minimum contacts'" standard under the Due Process Clause, *Best Van Lines, Inc. v. Walker*, 490

F.3d 239, 247 (2d Cir. 2007), which similarly requires that "the cause of action sued upon arises

out of the defendant's activities in a state." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624

(2d Cir. 2016).

Here, Buffalo Xerographix cannot demonstrate a basis for exercising specific personal

jurisdiction over the Non-Writing Defendants because it has not alleged that it had *any*

contractual dealings or other contacts with the Non-Writing Defendants giving rise to its claims,

much less contacts occurring in New York. Buffalo Xerographix's claims arise from the fact that

Sentinel—and Sentinel alone—declined coverage allegedly due under a contract with Sentinel.

Buffalo Xerographix does not allege any basis for why or how the Non-Writing Defendants

could be responsible to pay for Sentinel's alleged breach.

The court's ruling in *Tsegaye v. Impol Aluminum Corp.*, 12 Civ. 7717, 2003 WL 221743

(S.D.N.Y. Mar. 7, 2003) illustrates the point. There, an employee of a New York-based

aluminum importing business (referred to as "Impol Aluminum") sued to enforce a letter

agreement concerning her employment. The court determined that, while it had personal

jurisdiction over Impol Aluminum, as the contract signatory, the court lacked jurisdiction over its

foreign parent (referred to as "Impol Slovenia"). *Id*. at *6. As the court explained:  "Impol

Slovenia does transact business with Impol Aluminum in New York. However, that business is

not the subject of this action and therefore cannot be a basis for personal jurisdiction." *Id*. The

court added that "[t]he contract at issue in the current action is the letter agreement between

Impol Aluminum and [the plaintiff], to which Impol Slovenia is not a party." *Id*.

Along the same lines, while there may be allegations that the Non-Writing Defendants do business in New York, there is no allegation any business they conducted in New York gave rise to Buffalo Xerographix's claims. Nor could there be, as Buffalo Xerographix alleges no dealings whatsoever with the Non-Writing Defendants. Its claim is based on *Sentinel* refusing coverage. (Buffalo Xerographix makes scattered allegations suggesting that HFSG issued or denied the policy (*see* Compl. ¶¶ 16, 70), but those allegations can be disregarded given that the source documents show that Sentinel alone was the contracting party. *Endemann*, 390 F. Supp. at 370.) Buffalo Xerographix cannot ignore the corporate form, and use the Non-Writing Defendants' corporate affiliation with Sentinel in order to gain jurisdiction. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("jurisdiction over a parent corporation" does not "establish jurisdiction over a wholly owned subsidiary" because "[e]ach defendant's contacts with the forum State must be assessed individually").

Finally, while Buffalo Xerographix alleges that unnamed class members *did* have business dealings with the Non-Writing Defendants, that is irrelevant for these purposes. Buffalo Xerographix's decision to bring a putative class action does not mean it can drag before this Court defendants it could not otherwise sue. As with individual actions, in class actions "jurisdiction is based on a defendant's contacts with the forum state and actions giving rise to the named plaintiffs' causes of action." *Beach v. Citigroup Alternative Investments LLC*, 12 Civ. 7717, 2014 WL 904650, at *6 (S.D.N.Y. Mar. 17, 2014). Thus, "[c]ontacts with unnamed class members may not be used as a jurisdictional basis." *Id.*; *see also*, *e.g.*, *In re Dental Supplies Antitrust Litig.*, 16 Civ. 696, 2017 WL 4217115, at *6 (E.D.N.Y. Sept. 20, 2017) (a "putative class representative seeking to hale a defendant into court to answer to the class must have

personal jurisdiction over that defendant just like any individual litigant must") (quoting

Newberg on Class Actions § 6:25 (5th ed.)).

## II.    BUFFALO XEROGRAPHIX LACKS STANDING TO BRING
CLAIMS AGAINST THE NON-WRITING DEFENDANTS

For similar reasons, the Court should dismiss the claims against the Non-Writing

Defendants on standing grounds.

With respect to Buffalo Xerographix's contract claim, New York law is clear "that the

terms of a contract may be enforced only by contracting parties or intended third-party

beneficiaries of the contract." *Rajamin v. Deutsche Bank Nat. Trust Co*., 757 F.3d 79, 86 (2d Cir.

2014); *see also*, *e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 44 (2d Cir.

2012) (holding that a complaint "was deficient because [the plaintiff] failed to allege facts to

show that it had standing to sue for breach of an agreement to which it was not a party"). Buffalo

Xerographix does not allege it was a party or intended third-party beneficiary of any contracts

with the Non-Writing Defendants.

Courts across the country have dismissed claims against one or more of the Non-Writing

Defendants where, as here, they have no contractual relationship to the insured. *See*, *e.g.*,

*Chaichian v. Hartford Fin. Servs. Grp., Inc.*, No. 1:16-CV-01026, 2016 WL 4480038, at *2

(W.D. Ark. Aug. 3, 2016), *report and recommendation adopted*, No. 16-CV-1026, 2016 WL

4467910 (W.D. Ark. Aug. 23, 2016) (dismissing claims against HFSG and Hartford Fire

Insurance Company because contract was with Sentinel only); *LV Diagnostics, LLC v. Hartford

Fin. Servs. Grp., Inc.*, No. 217CV 1371JCMPAL, 2018 WL 651327, at *2 (D. Nev. Jan. 31,

2018) ("Further, as defendant is not plaintiff's insurer and is not in privity with plaintiff,

dismissal of plaintiff's claims against defendant is appropriate."); *NBL Flooring, Inc. v. Trumbull

Ins. Co.*, No. CIV.A. 10-4398, 2014 WL 317880, at *3 (E.D. Pa. Jan. 28, 2014) (dismissing

claims against HFSG where relevant policies were issued by subsidiary Trumbull Insurance Company); *see also Engel v. Hartford Ins. Co. of the Midwest*, No. 2:11-CV-01103-RCJ, 2012 WL 275200, at *2 (D. Nev. Jan. 31, 2012) (HFSG's alleged status as parent company of insurer not sufficient basis to state a claim against it).

With respect to Buffalo Xerographix's claim under Gen. Bus. L. § 349, standing is likewise lacking. To state a claim under Gen. Bus. L. § 349 "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Casualty Ins*. Co., 875 F.3d 107, 124 (2d Cir. 2017) (citation omitted). The final causation element requires that there be a "connection between the defendants' deceptive conduct and a specific injury that she suffered as a result of that activity." *Horowitz v. Stryker Corp*., 613 F. Supp. 2d 271, 287 (E.D.N.Y. 2009). This is exactly what is missing with respect to the Non-Writing Defendants.

Buffalo Xerographix alleges that the Non-Writing Defendants made various "inaccurate and misleading" statements that induced policyholders "to refrain from filing claims with Defendants." (Compl. ¶ 109.) But that cannot possibly be the cause of Buffalo Xerographix's loss, given that Buffalo Xerographix concedes it *did* file a claim. (*Id*. ¶ 54.) The only other misrepresentation alleged concerns the alleged "practice of denying all, or substantially all, claims" relating to COVID-19. (*Id*. ¶ 123.) Setting aside the question of how the defendants' assertion of a legal position—that the virus generally does not cause "direct physical loss"— could be a "misrepresentation," the coverage denial with respect to Buffalo Xerographix was issued by Sentinel alone. (ECF 1-6, at 3.)

Finally, that Buffalo Xerographix has chosen to bring this case as a putative class action does not solve the standing problem.  As the Supreme Court has held: "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (citation omitted). In other words, a proposed class representative must "have individual standing to assert the claims in the complaint against *each defendant* being sued by him," *Ramos v. Patrician Equities Corp*., 765 F. Supp. 1196, 1199 (S.D.N.Y. 1991) (emphasis added), and cannot acquire standing "through the back door of a class action." *Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 292 (S.D.N.Y. 2015) (citation omitted).

From the proper vantage point of Buffalo Xerographix's claims (and not those of absent, putative class members), no facts are alleged to suggest that Buffalo Xerographix's alleged injuries were caused by the alleged misrepresentations of the Non-Writing Defendants. Accordingly, the Court should dismiss the Gen. Bus. L. § 349 claim as against the Non-Writing Defendants for lack of standing.

**CONCLUSION**

For the foregoing reasons and others appearing on the record, the Court should dismiss

all claims against the Non-Writing Defendants.

Dated: July 1, 2020                                    Respectfully submitted,

                                                       By:   /s/ Eugene Welch
                                                       Eugene Welch
Sarah D. Gordon*                                       TULLY RINCKEY, PLLC
STEPTOE & JOHNSON LLP                                  400 Linden Oaks, Suite 110
1330 Connecticut Avenue, NW                            Rochester, New York 14625
Washington, D.C. 20036                                 ewelch@tullylegal.com
(202) 429-3000
sgordon@steptoe.com                                    Christopher M. Paparella
                                                       Charles Michael*
*pro hac vice application forthcoming                  Meghan Newcomer*
                                                       STEPTOE & JOHNSON LLP
                                                       1114 Avenue of the Americas
                                                       New York, New York 10036
                                                       (212) 506-3900
                                                       caparella@steptoe.com
                                                       cmichael@steptoe.com
                                                       mnewcomer@steptoe.com

                                                       *Counsel for Defendants*