**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>

BUFFALO XEROGRAPHIX INC.,
for itself and on behalf of a class of
similarly situated policyholders,

                Plaintiffs,


- v -


SENTINEL INSURANCE COMPANY, LTD.;
THE HARTFORD INSURANCE GROUP a/k/a
THE HARTFORD FINANCIAL SERVICES
GROUP, INC.;
HARTFORD FIRE INSURANCE COMPANY;
HARTFORD ACCIDENT AND INDEMNITY
COMPANY;
HARTFORD CASUALTY INSURANCE
COMPANY;
HARTFORD INSURANCE COMPANY
OF ILLINOIS;
HARTFORD INSURANCE COMPANY
OF THE MIDWEST;
HARTFORD UNDERWRITERS INSURANCE
COMPANY;
NEW ENGLAND INSURANCE COMPANY;
NEW ENGLAND REINSURANCE
CORPORATION;
PACIFIC INSURANCE COMPANY, LIMITED;
PROPERTY AND CASUALTY INSURANCE
COMPANY OF HARTFORD;
TRUMBULL INSURANCE COMPANY; and
TWIN CITY FIRE INSURANCE COMPANY,

                Defendants.

</td>
<td>

Civil Action No. 20-cv-0520

**ANSWER**

</td>
</tr>
</table>

        Defendant Sentinel Insurance Company, Ltd., for its answer to the Complaint of Plaintiff

Buffalo Xerographix, Inc., states as follows:

## PRELIMINARY STATEMENT

Defendants The Hartford Insurance Group a/k/a The Hartford Financial Services Group, Inc., Hartford Fire Insurance Company, Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Insurance Company of Illinois, Hartford Insurance Company of the Midwest, Hartford Underwriters Insurance Company, New England Insurance Company, New England Reinsurance Corporation, Pacific Insurance Company, Limited, Property and Casualty Insurance Company of Hartford, Trumbull Insurance Company, and Twin City Fire Insurance Company have moved to dismiss the Complaint, and thus take no part in this Answer.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.      Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations in Paragraph 1 and therefore denies same.

2.      Sentinel admits that the Policy (as defined in Response Paragraph 16, *infra*) it issued to Buffalo Xerographix, Inc. contains the term "Spectrum Business Owner's Policy."  The terms, conditions, and exclusions of the Policy speak for themselves.  Sentinel admits that the Policy it issued to Buffalo Xerographix, Inc. contains Form SS 00 07 07 05, the terms, conditions, and exclusions of which speak for themselves. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 2, and therefore denies same.

3.      Sentinel denies the allegations in Paragraph 3.  The terms, conditions, and exclusions of the Policy speak for themselves.

4.      Sentinel denies the allegations in Paragraph 4.  The terms, conditions, and exclusions of the Policy speak for themselves.

5.      Sentinel admits that it is Sentinel's position that Buffalo Xerographix's insurance claim is not covered under the Policy, the terms, conditions, and exclusions of which speak for themselves.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remainder of the allegations in Paragraph 5 and therefore denies same.  Sentinel denies the allegations of Paragraph 5 to the extent that Plaintiff has misstated or mischaracterized the CA Orders.

6.      Sentinel admits that Paragraph 6 purports to quote a portion of the Special Property Coverage Form in the Policy, the terms, conditions, and exclusions of which speak for themselves, but denies that Plaintiff is entitled to coverage under the Policy.  The remainder of Paragraph 6 asserts legal conclusions to which no response is required.

7.      Sentinel admits that it is Sentinel's position that Buffalo Xerographix's insurance claim is not covered under the Policy, the terms, conditions, and exclusions of which speak for themselves.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remainder of the allegations in Paragraph 7 and therefore denies same.

8.      Paragraph 8 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 8.

9.      On information and belief, Sentinel admits the allegations in Paragraph 9.

10.     Defendant Hartford Financial Services Group has filed a motion to dismiss and does not join this Answer.  To the extent any response is required from Defendant Sentinel, Sentinel admits that Defendant HFSG is organized under the laws of Delaware but denies that HFSG transacts business, as it is a holding company.

11.     Sentinel admits that is an insurance company organized under the laws of the State of Connecticut and registered and duly authorized to transact insurance business in the State of New York. Sentinel denies the remaining statements in Paragraph 11.

12.     The allegations in paragraph 12 are not directed to Sentinel.  Therefore, no response is required.  To the extent any response is required from Defendant Sentinel, Sentinel admits the information in Paragraph 12.

13.     Paragraph 13 asserts a legal conclusion to which no response is required.

14.     Paragraph 14 asserts a legal conclusion to which no response is required.

15.     Paragraph 15 asserts legal conclusions to which no response is required.

16.     Sentinel admits that it issued an insurance policy to Buffalo Xerographix Inc. bearing the policy number 01 SBA RG9986 SB (the "Policy").

17.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations in Paragraph 17 given their vagueness and breadth and therefore denies same.

18.     Sentinel admits that Form SS 00 01 03 14 of the BXI Policy provides "Spectrum Business Owner's Policy", but denies that Form SS 00 01 03 14 was issued by the "THE HARTFORD."

4

19.     Sentinel admits that BXI paid a premium for the Policy. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 19 and therefore denies same.

20.     Sentinel admits that the policy period for the BXI Policy is February 1, 2020 through February 1, 2021.  Sentinel denies that BXI has submitted a claim for a covered loss under the Policy, the terms, conditions, and exclusions of which speak for themselves.  Sentinel denies the remaining allegations of Paragraph 20.

21.     Sentinel admits that Paragraph 21 purports to quote a portion of the Policy, the terms, conditions, and exclusions of which speak for themselves, but denies that Plaintiff is entitled to coverage under the Policy.

22.     Sentinel admits the allegations in Paragraph 22.

23.     Sentinel denies the allegations in Paragraph 23.  The terms, conditions, and exclusions of the Policy speak for themselves.  To the extent Paragraph 23 refers to policies other than the BXI policy, Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 23 and therefore denies same.

24.     Paragraph 24 asserts legal conclusions to which no response is required.

25.     Sentinel admits that Paragraph 25 purports to quote a portion of the Policy, the terms, conditions, and exclusions of which speak for themselves, but denies that Plaintiff is entitled to coverage under the Policy.

26.     Sentinel admits that Paragraph 26 purports to quote a portion of the Policy, the terms, conditions, and exclusions of which speak for themselves, but denies that Plaintiff is entitled to coverage under the Policy.

27.     Paragraph 27 asserts legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 27 and denies that Plaintiff is entitled to coverage under the Policy.

28.     Sentinel admits that Paragraph 28 purports to quote a portion of the Policy, the terms, conditions, and exclusions of which speak for themselves, but denies that Plaintiff is entitled to coverage under the Policy.

29.     Paragraph 29 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff is entitled to coverage under the Policy.  To the extent Paragraph 29 refers to policies other than the BXI policy, Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 29 and therefore denies same.

30.     Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff is entitled to coverage under the Policy, the terms and conditions of which speak for themselves.

31.     Paragraph 31 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff is entitled to coverage under the Policy, the terms and conditions of which speak for themselves.

32.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the allegations in Paragraph 32, and therefore denies same.

33.     Upon information and belief, Sentinel admits there are forms bearing numbers CF-2006-0VBEF, CP 01 75 07 06, or CP 01 40 07 06, the terms and conditions of which speak for themselves.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 33, and therefore denies same.

34.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 34, and therefore denies same.

35.     Paragraph 35 asserts legal conclusions to which no response is required. To the extent a response is required, the terms and conditions of the Policy speak for themselves. Sentinel denies that Plaintiff is entitled to coverage under the Policy.

36.     Paragraph 36 asserts legal conclusions to which no response is required. To the extent a response is required, the terms and conditions of the Policy speak for themselves. Sentinel denies that Plaintiff is entitled to coverage under the Policy.

37.     Paragraph 37 asserts legal conclusions to which no response is required.  To the extent a response is required, the terms and conditions of the Policy speak for themselves. Sentinel denies that Plaintiff is entitled to coverage under the Policy.

38.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 38, and therefore denies same.

39.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 39, and therefore denies same.

7

40.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 40, and therefore denies same.

41.     Paragraph 41 asserts legal conclusions to which no response is required.  To the extent any further response is required, Sentinel denies that Buffalo Xerographix's property and property in the immediate vicinity of covered property sustained direct physical loss or damage. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 41, and therefore denies same.

42.     Paragraph 42 asserts legal conclusions to which no response is required.  To the extent any further response is required, Sentinel denies the allegations of Paragraph 42 as they pertain to Plaintiff.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the remaining allegations in Paragraph 42, and therefore denies same.

43.     Sentinel admits that New York State Governor Cuomo issued the listed Executive Orders, the terms of which speak for themselves. Sentinel denies the allegations of Paragraph 43 to the extent that Plaintiff has misstated or mischaracterized the Orders.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 43 and therefore denies same.

44.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 44 and therefore denies same.

45.     Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies the allegations of Paragraph 45 and denies that Plaintiff is entitled to coverage under the Policy.

46.     Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff is entitled to coverage under the Policy.

47.     Paragraph 47 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that Plaintiff is entitled to coverage under the Policy.

48.     Sentinel denies the allegations in Paragraph 48.

49.     Sentinel admits the 1-800 phone number listed is a phone number pursuant to which its policyholders may report claims.  Sentinel denies the remaining allegations in Paragraph 49.

50.     Sentinel admits the 1-800 phone number listed is a phone number pursuant to which its policyholders may report claims.  Sentinel denies the remaining allegations in Paragraph 50.

51.     Sentinel admits that the website listed is a website pursuant to which its policyholders may report claims.  Sentinel denies the allegations in Paragraph 51.

52.     Sentinel admits that the website listed is a website pursuant to which its policyholders may report claims.  Sentinel denies the allegations in Paragraph 52.

53.     Sentinel admits that callers to the 800 number were informed that they were permitted to report business interruption losses related to the Virus online, but there was no requirement to do so.

54.     Sentinel admits that BXI submitted a business interruption claim.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remainder of the allegations in Paragraph 54 and therefore denies same.

55.     Paragraph 55 states legal conclusions to which no response is required. Sentinel admits that it denied Buffalo Xerographix's claim, but denies that the denial was arbitrary or wrongful.

56.     Sentinel admits that its position is that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remainder of the allegations in Paragraph 56 and therefore denies same.

57.     Paragraph 57 asserts legal conclusions to which no response is required. To the extent a response is required, Sentinel denies that its denial of BXI's claim was pre-determined and without regard to BXI's individual circumstances. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 57 and therefore denies same.

58.     Paragraph 58 purports to summarize a letter directive from the New York State Department of Financial Services. Sentinel refers to the letter for its contents, which speaks for itself.

59.     Paragraph 59 purports to quote a letter directive from the New York State Department of Financial Services. Sentinel refers to the letter for its contents, which speaks for itself.

60.     Sentinel admits that responses were created as directed by the New York State Department of Financial Services. Exhibit D to Plaintiff's Complaint is one such response, the contents of which speaks for itself.

61.     Sentinel admits that BXI, as one of Sentinel's policy holders, was an intended recipient of the responses directed by the New York State Department of Financial Services. Exhibit D to Plaintiff's Complaint is one such response, the contents of which speaks for itself.

62.     Paragraph 62 purports to quote a DFS Response letter. Sentinel refers to the letter for its contents, which speaks for itself.  Sentinel admits that its position is that BXI's claim is not covered under the Policy, the terms, conditions, and exclusions of which speak for themselves.

63.     Paragraph 63 purports to quote a DFS Response letter. Sentinel refers to the letter for its contents, which speaks for itself.

64.     Sentinel denies the allegations in Paragraph 64.  Exhibit E to Plaintiff's Complaint is not the document described in Paragraph 64.

65.     Sentinel denies the allegations in Paragraph 65.  Exhibit E to Plaintiff's Complaint does not contain the language quoted in Paragraph 65.

66.     Sentinel admits that its position is that BXI's claim is not covered under the Policy, the terms, conditions, and exclusions of which speak for themselves.  Sentinel denies that it predetermined BXI's claim.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 66 and therefore denies same.

11

67.     Paragraph 67 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations in Paragraph 67 and therefore denies same.

68.     Sentinel admits that it sent the response letters required by the New York State Department of Financial Services to its insureds in batches. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 68 and therefore denies same.

69.     Sentinel admits that it denied coverage to BXI, because BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 69 and therefore denies same.

70.     Sentinel admits that it denied BXI's claim. BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. To the extent Paragraph 70 purports to quote the coverage denial letter, the letter speaks for itself.  Sentinel denies that HIG issued a written coverage denial to BXI.

71.     Sentinel admits that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. To the extent Paragraph 71 purports to describe any portion of the coverage denial letter and attachments, the documents speak for themselves.

72.     Sentinel denies the allegations in paragraph 72.

12

73.     Sentinel admits that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. Sentinel denies that this constitutes a breach of the Policy.

74.     Paragraph 74 contains a legal conclusion to which no response is required.  To the extent a response is required, Sentinel admits that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. Sentinel denies that its refusal is erroneous and unsupported by the plain language of the Policy.

75.     Paragraph 75 contains a legal conclusion to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 75.

76.     Paragraph 76 contains a legal conclusion to which no response is required. To the extent a response is required, Sentinel denies the allegations in Paragraph 76.

77.     Sentinel admits that BXI's claim is not covered under the Policy, the terms, conditions, and exclusions of which speak for themselves. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 77 and therefore denies same.

78.     Sentinel admits that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves. Sentinel denies the remaining allegations in Paragraph 78.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 78 and therefore denies same.

<u>**RESPONSES TO CLASS ACTION ALLEGATIONS**</u>

79.     Sentinel admits that BXI purports to bring this action on behalf of itself and other policyholders.  Sentinel denies the remaining allegations in Paragraph 79 and denies that certification of any class is proper under Rule 23.

80.     Sentinel admits that BXI purports to bring this case on behalf of a class as defined in the Complaint and that Paragraph 80 seeks to exclude certain persons from the class definitions.  Sentinel denies the remaining allegations in Paragraph 80 and denies that certification of any class is proper under Rule 23.

81.     Paragraph 81 states a legal conclusion to which no response is required.  Sentinel admits that it has sold insurance policies in New York.  Sentinel denies the remaining allegations in Paragraph 81 and denies that class treatment under Rule 23 is appropriate in this case.

82.     Paragraph 82 and its subparagraphs state legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 82 and denies that certification of any class is appropriate under Rule 23.

83.     Paragraph 83 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 83, denies that the Policy provides coverage for Plaintiff's losses, and denies that certification of any class is appropriate under Rule 23.

84.     Paragraph 84 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 84 and denies that certification of any class is appropriate under Rule 23.

85.     Paragraph 85 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 85 and denies that certification of any class is appropriate under Rule 23.

86.     Paragraph 86 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 86 and denies that certification of any class is appropriate under Rule 23.

87.     Paragraph 87 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations of Paragraph 87 and denies that certification of any class is appropriate under Rule 23.

## RESPONSES TO FIRST CAUSE OF ACTION

88.     Sentinel restates and incorporates by reference Sentinel's responses to the proceeding paragraphs as if fully set forth herein.

89.     Paragraph 89 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 89.

90.     Paragraph 90 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 90.

91.     Paragraph 91 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 91.

92.     Paragraph 92 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 92. Sentinel is without

15

knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 92, and therefore denies same.

93.     Paragraph 93 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel admits that BXI notified it of its claim.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 93, and therefore denies same.

94.     Sentinel admits that its position is that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves, and thus has not paid BXI. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 94, and therefore denies same.

95.     Sentinel admits that its position is that BXI's claim is not covered under the Policy, the term, conditions, and exclusions of which speak for themselves.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the remaining allegations in Paragraph 95, and therefore denies same.

96.     Paragraph 96 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 96.

97.     Paragraph 97 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 97.

98.     Paragraph 98 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 98.

99.     Paragraph 99 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 99.

100.     Paragraph 100 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 100.

101.     Paragraph 101 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 101.

102.     Paragraph 102 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 102.

103.     Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 103.

104.     Paragraph 104 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 104.

## RESPONSES TO SECOND CAUSE OF ACTION

105.     Sentinel restates and incorporates by reference Sentinel's responses to the proceeding paragraphs as if fully set forth herein.

106.     Sentinel admits that BXI purports to bring this action on behalf of itself and other Class members.  Sentinel denies the remaining allegations in Paragraph 106 and denies that certification of any class is proper under Rule 23.

107.     Sentinel denies the allegations in Paragraph 107.

108.     Paragraph 108 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 108.

109.     Paragraph 109 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 109.

110.     Paragraph 110 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 110.

111.     Paragraph 111 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 111.

112.     Paragraph 112 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 112.

113.     Sentinel denies the allegations in Paragraph 113.

114.     Sentinel denies the allegations in Paragraph 114.

115.     Sentinel denies the allegations in Paragraph 115.

116.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.  Sentinel denies the allegations in Paragraph 116 to the extent that Plaintiff has mischaracterized the terms, conditions, and exclusions of the Policy.  Sentinel denies that the Policy provides coverage for Plaintiff's losses.

117.     Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies

same.  Sentinel denies the allegations in Paragraph 117 to the extent that Plaintiff has mischaracterized the terms, conditions, and exclusions of the Policy.  Sentinel denies that the Policy provides coverage for Plaintiff's losses.

118.    Paragraph 118 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 118. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

119.    Paragraph 119 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 119. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

120.    Sentinel denies the allegations in Paragraph 120. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

121.    Sentinel denies the allegations in Paragraph 121. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

122.    Paragraph 122 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 122. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

123.     Paragraph 123 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 123. Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

124.     Paragraph 124 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 124.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

125.     Paragraph 125 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 125.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

126.     Paragraph 126 states legal conclusions to which no response is required.  To the extent a response is required, Sentinel denies the allegations in Paragraph 126.  Sentinel is without knowledge or information sufficient to form a reasonable belief regarding the truth and accuracy of the allegations about other entities and therefore denies same.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a cause of action upon which relief may be granted.

2.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent there is no direct physical loss of or direct physical damage to covered property.

3.     Plaintiff's claims may be barred or limited, in whole or in part, because there is no Covered Cause of Loss, as defined in the Policy.  (*See* Form SS 00 07 07 05 at 2).

4.      Plaintiff's claims may be barred or limited, in whole or in part, because the interruption to Plaintiff's business, if any, was not due to the "direct physical loss of or physical damage to Covered Property… caused by or resulting from a Covered Cause of Loss." (*See* Form SS 00 07 07 05 at 1).

5.      The Policy is the sole agreement between the parties, and Sentinel did not breach any Policy terms. Any written directive, order or other writing not between Sentinel and its policyholder cannot change, amend or supplement the contractual arrangement between the parties.

6.      Sentinel's obligations in the Policy are defined, limited, and controlled by the terms and conditions of the Policy, including, but not limited to, the coverages, limits, sub-limits, exclusions, endorsements, conditions, and all other terms set forth therein.

7.      Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to perform its obligations under the Policy.

8.      Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks relief for damages or losses not covered by the Policy.

9.      The Policy contains a General Condition titled "Insurance Under Two Or More Coverages."  (Form SS 00 05 10 08 at 2).  Plaintiff's claims may be limited, in whole or in part, to the extent the Insurance Under Two Or More Coverages provision is applicable to the loss or damage.

10.      Plaintiff's claims may be barred or limited, in whole or in part, to the extent other insurance or contributing insurance is applicable to the alleged loss or damage.

21

11.     Plaintiff's claims may be barred or limited, in whole or in part, by applicable deductibles, retentions, and/or limits and sub-limits (including per occurrence limits) contained in the Policy.

12.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent Plaintiff seeks to recover for loss incurred outside the Period of Restoration.

13.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent coverage is excluded by express provisions of law or public policy.

14.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied.

15.     Sentinel's obligation to Plaintiff, if any, is subject to offset for recoveries by Plaintiff from other persons or entities.

16.     Plaintiff's claims may be limited, in whole or in part, by the valuation provisions in the Policy.

17.     The Policy contains an "Ordinance or Law" provision. (*See* Form SS 00 07 07 05 at 7-9).  Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Additional Exclusions portion of the Ordinance or Law provision.

18.     The Policy contains an exclusion titled "Consequential Losses."  (*See* Form SS 00 07 07 05 at 17).  Plaintiff's claims may be barred or limited, in whole or in part, to the extent that the alleged loss or damages, if any, are excluded by the Consequential Losses exclusion.

19.     The Policy contains an Additional Coverage provision for "Civil Authority."  (*See* Form SS 00 07 07 05 at 11).  Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Civil Authority provision.

20.     The Policy contains Additional Coverage provisions for "Extended Business Income."  (*See* Form SS 00 07 07 05 at 11).  Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits, if any, applicable to the Extended Business Income provision.

21.     The Policy contains an Additional Coverage provision for "Business Income from Dependent Properties." (*See* Form SS 00 07 07 05 at 11-12; Form SS 04 78 12 17).  Plaintiff's claims may be barred or limited, in whole or in part, by the time period and/or sub-limits applicable to the Business Income from Dependent Properties provision.

22.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Plaintiff failed to mitigate damages, if any. To the extent Plaintiff failed to take reasonable steps to mitigate Plaintiff's alleged damages, if any, Plaintiff should be denied any recovery in this action.

23.     The Policy contains an exclusion titled "Acts or Decisions."  (*See* Form SS 00 07 07 05 at 18).  Plaintiff's claims are barred or limited, in whole or in part, to the extent that the alleged loss or damage, if any, is excluded by the Acts or Decisions exclusion.

24.     Plaintiff's claims may be barred or limited, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

25.     Plaintiff's claims may be barred or limited, in whole or in part, because Sentinel has at all relevant times acted reasonably and in good faith.

26.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent that a bona fide dispute exists regarding coverage.

27.     Plaintiff's claims may be barred or limited, in whole or in part, to the extent that Sentinel had a reasonable basis to deny Plaintiff's insurance claim.

28.     Plaintiff's claims may be barred or limited, in whole or in part, because Sentinel conducted a reasonable and adequate investigation of all bases of Plaintiff's insurance claim.

29.     Plaintiff's class claims are barred because they fail to meet the requirements for class certification under Fed. R. Civ. P. 23.

30.     Plaintiff's New York General Business Law Section 349 claims are barred because they are not consumer-oriented.

31.     Plaintiff's New York General Business Law Section 349 claims are barred because they involve private contracts not conduct directed at the public.

32.     Plaintiff's New York General Business Law Section 349 claims are barred because the claim duplicates BXI's contract claim.

33.     Plaintiff's claims may be barred or limited, in whole or in part, by additional defenses that cannot now be articulated because of the generality of the pleadings, and other presently undeveloped information.  Accordingly, Sentinel reserves the right to supplement the foregoing defenses as may appear as this case progresses to the full extent permissible by law.


WHEREFORE, having fully answered the Complaint, Defendant prays that this Court:

a)  deny the relief sought in the Complaint;

b)  dismiss the Complaint in its entirety with prejudice;

c)  award Defendant its costs and expenses, including attorneys' fees; and

d)   award Defendant such other and further relief as the Court deems just and proper.

Dated: July 1, 2020                                     Respectfully submitted,

                                                        By:   /s/ Eugene Welch
Sarah D. Gordon*                                            Eugene Welch
STEPTOE & JOHNSON LLP                                       TULLY RINCKEY, PLLC
1330 Connecticut Avenue, NW                                 400 Linden Oaks, Suite 110
Washington, D.C. 20036                                      Rochester, New York 14625
(202) 429-3000                                              ewelch@tullylegal.com
sgordon@steptoe.com
                                                            Christopher M. Paparella
*pro hac vice application forthcoming                       Charles Michael*
                                                            Meghan Newcomer*
                                                            STEPTOE & JOHNSON LLP
                                                            1114 Avenue of the Americas
                                                            New York, New York 10036
                                                            (212) 506-3900
                                                            caparella@steptoe.com
                                                            cmichael@steptoe.com
                                                            mnewcomer@steptoe.com

                                                        Counsel for Defendants